

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00241-CR

**KEVIN LEON LUCIEN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 16-02396-CRF-361

## MEMORANDUM  OPINION

Kevin Lucien appeals from a conviction for injury to a child with serious bodily injury. TEX. PENAL CODE ANN. § 22.04(a)(1), (e). In his sole issue, Lucien complains that he received ineffective assistance of counsel due to his counsel's failure to object to the introduction of medical records which constituted hearsay and contained improper evidence of extraneous bad acts committed against the victim's twin brother and mother

as well as evidence of a CPS proceeding. Because we find no reversible error, we affirm the judgment of the trial court.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, the appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687. Second, the appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id*. To satisfy the first prong, the appellant must show that his counsel's representation was objectively unreasonable. *Id*.; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, the appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001).

A failure to make a showing under either prong of *Strickland* defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Thus, we need not examine both prongs if one cannot be met. *Strickland*, 466 U.S. at 697.

The appellate court looks to the totality of the representation and the particular

circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Lucien argues that his counsel's failure to object to an exhibit containing medical records that was admitted without objection constituted ineffective assistance because the records contained hearsay and inadmissible evidence of the following extraneous bad acts allegedly committed by him: (1) harm to the victim's twin including pinch marks, bruising, scalp swelling, and a skull fracture; (2) multiple references to domestic violence committed against the victim's mother and elder sibling and marijuana use; and (3) references to the placement of the children with CPS in foster care. Nothing in the records shows that the jury ever saw the records at the time they were admitted into evidence or at any time after their admission.

The victim, a three month old infant who was born prematurely at 33 weeks, was admitted to the hospital with what was ultimately found to be skull fractures on both sides of the head, brain bleeding, broken ribs, a lacerated liver, retinal hemorrhages of the right eye, pre-retinal hemorrhages of the left eye which required surgery to prevent loss of vision, bruising on the nose, petechial bruising on one side of the neck, and an old arm fracture. Lucien admitted to being the victim's sole caregiver and attempted to give various explanations for the injuries which were not consistent with the severity of the

child's injuries.  Because there is no evidence that the jury ever saw the records and there was overwhelming evidence of his guilt, Lucien has not shown how there is "a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different" as required to prevail under the second prong of *Strickland*.  *See Thompson*, 9 S.W.3d at 812.  Likewise, our review of the entire record does not show that the outcome of the proceeding would have been different had the records not been admitted into evidence.  Because Lucien has not met the second prong of *Strickland*, we overrule Lucien's sole issue.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed March 11, 2020
Do not publish
[CRPM]

